UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JACKIE PRICE,

          Plaintiff,

  vs.

SAN JOSE POLICE DEPARTMENT AND OFFICERS,

          Defendants.
                                   /

No. C 08-1118 PJH (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

      Plaintiff, a prisoner at , has filed a pro se civil rights complaint under 42 U.S.C. § 1983.  He has been granted leave to proceed in forma pauperis.

      Venue is proper in this district because a substantial part of the events giving rise to the action occurred in this district.  *See* 28 U.S.C. § 1391(b).

## DISCUSSION

**A.    Standard of Review**

      Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  Id. at 1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

      Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the

grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1986-87.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

Plaintiff alleges that he was illegally searched and subjected to excessive force by a San Jose police officer, who is unnamed. Although he was charged with possession of crack, the charges were dropped, and he contends that no drugs were found in the search.

Plaintiff has named the San Jose Police Deartment "and officers" as defendants. There is no respondeat superior liability under section 1983, a claim against a police department can be maintained only if plaintiff alleges that the violation of his rights was pursuant to a policy or custom of the department. *Shaw v. Cal. Dep't of Alcoholic Beverage Control*, 788 F.2d 600, 610-11 (9th Cir. 1986). The complaint will be dismissed with leave to amend.

## CONCLUSION

1. For the foregoing reasons, the case is **DISMISSED** with leave to amend, as indicated above, within thirty days from the date of this order. The amended complaint must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to

present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of these claims.

    2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: April 1, 2008.

                                          PHYLLIS J. HAMILTON
                                          United States District Judge

G:\PRO-SE\PJH\CR.08\PRICE118.DWLTA.wpd

3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JACKIE PRICE,

         Plaintiff,

  v.

SAN JOSE POLICE DEPARTMENT et al,

         Defendant.

Case Number: CV08-01118 PJH

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 1, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jackie Price DQE223
Elmwood Jail
701 South Abel Street
Milpitas, CA 95035-5243

Dated: April 1, 2008

Richard W. Wieking, Clerk
By: Nichole Heuerman, Deputy Clerk